603 F.2d 214
 103 L.R.R.M. (BNA) 2603, 85 Lab.Cas. P 11,212
 Unpublished Disposition
NOTICE: Second Circuit Local Rule 0.23 states unreported opinions shall not be cited or otherwise used in unrelated cases.
National Labor Relations Board, Petitioner
v.
Fugazy Continental Corporation, Respondent.
 No. 78-4139.
 United States Court of Appeals, Second Circuit.
 March 20, 1979.
 
 1
 Before MOORE, MANSFIELD, Circuit Judges and WYATT, District Judge.
 
 
 2
 MOORE, C.J.
 
 
 3
 This is a petition by the National Labor Relations Board for the enforcement of its order to respondent Fugazy Continental Corporation, which order was dated September 14, 1977 and was presumably issued then or thereafter. 29 U.S.C. Sec. 160(e). We have concluded that the petition must be granted.
 
 
 4
 The only defense seriously urged by respondent is that its drivers are independent contractors and are therefore not entitled to the protection of the National Labor Relations Act (29 U.S.C. Sec. 152(3). The Board rejected this contention and found the drivers to be "employees and not independent contractors" (App. 3174). The legal test is whether Fugazy has a "right to control the manner and means" by which the drivers perform their work. Lorenz Schneider Co. v. NLRB, 517 F.2d 445, 448-49 (2d Cir.1975); Herald Co. v. NLRB, 444 F.2d 430, 432-33 (2d Cir.), cert. denied, 404 U.S. 990 (1971). We must accept the Board's decision if it represents a choice between " 'two fairly conflicting views.' " NLRB v. United Insurance Co., 390 U.S. 254, 260 (1968), quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). The findings of fact made by the Board were supported by substantial evidence on the record considered as a whole. 29 U.S.C. Sec. 160(e).
 
 
 5
 Although drivers of respondent have two-year "franchise agreements," in reality they have little of the freedom of operation of independent contractors. The drivers' incomes are based on a percentage of fares; both the percentage and the fare are set by respondent. Outside business, although permitted, is less profitable, given the company's restrictions. The dress, conduct, and type of vehicle for drivers are dictated by the company; it has not hesitated to discipline drivers for violations. The drivers pay a substantial fee for their "franchise," but because of the company's broad termination power, its unlimited right to sell additional franchises at whatever price it selects, and the requirement that the renewal agreements, which must be entered into every two years, conform to the terms of a new franchise as of the time of renewal, the drivers have little assurance of a continued value for their franchises.
 
 
 6
 Looking at the record as a whole, we are persuaded that the Board did make a choice between two fairly conflicting views.
 
 
 7
 On Consideration Whereof, it is hereby ordered and adjudged by the United States Court of Appeals for the Second Circuit that the petition of the National Labor Relations Board for enforcement of its order of September 14, 1977, be granted, and that the said order be enforced, and that Respondent Fugazy Continental Corporation, its officers, agents, successors, and assigns abide by and perform the directions of the Board in said Order.
 
 
 8
 It is Further Ordered that costs shall be taxed against Respondent.
 
 
 9
 The respondent points to some fact elements which suggest an independent contractor status and we have considered SIDA of Hawaii, Inc. v. NLRB, 512 F.2d 354 (9th Cir.1975), where there were some factual similarities and where the Ninth Circuit Court of Appeals found independent contractor status. There are, however, significant factual differences between the situation in SIDA of Hawaii, Inc. and that in the case at bar. For example, SIDA was formed by independent taxi owner-operators themselves, as a means for competing with larger taxi companies at the Honolulu airport; rates for fares were not set by SIDA but by local meter ordinances; the driver-owners were not compensated for services to SIDA but, as was observed by the Court, SIDA was "merely an administrative creature which provides certain facilities and opportunities to the drivers for a price" (512 F.2d at 358).